JAMES M. THOMPSON, Treasurer, &c.

*vs.*

WILLIAM F. DAVIDSON.

In case the proper person refused or neglected to make out the requisite statement of his personal property for taxation, *Sections* 18 *and* 19, *Ch.* 1, *Laws* 1860, required the assessor not only to assess the value of the property in dollars and cents, but to *list* it, that is to say, describe it, so as to show more or less definitely, according to its character, to what property the valuation related. A tax assessed upon a quantity of wheat, attempted to be listed under the head of "household goods, &c.," was invalid.

This was a proceeding instituted by the treasurer of Blue Earth county pursuant to *Sec.* 93, *Chap.* 11, *Gen. Stat.* to enforce the collection of certain taxes against Wm. F. Davidson. A trial was had before the district court for said county, Hon. Horace Austin, judge, presiding, without a jury. The material facts as found by the court are: that at the proper time for listing property for taxation for the year 1866, the defendant, who resides in the city of St. Paul, Minn., had a large quantity of wheat in store at Mankato, in said Blue Earth county, which had been purchased by him, in 1864 and 1865, and since that time had been there in store, awaiting a favorable opportunity for transportation to, and sale in some market outside the state. The court further finds as follows: "I further find that defendant refused or neglected to list said wheat for taxation in Mankato, where the same then was, for the year 1866, and that the

assessor of said town listed the same under the head of 'household goods, &c.,' and valued the same at $24,000. I find no proof that such valuation was too high or incorrect, and therefore find that that sum was the true value of said wheat. I further find that the defendant has never owned any household stuff in said county, and that he paid a tax assessed on personal property in the county of Ramsey in 1866. As conclusions of law, I find that the plaintiff is entitled to the relief demanded; that said assessment was legal and proper, and that defendant is liable to the plaintiff for the amount thereof, with interest and penalties, and costs of proceeding." A rule was entered pursuant to such statute for the payment of such taxes, &c. The defendant appeals to this court.

BROWN & WISWELL, for Appellants.

I.—The return made by the assessor is not such as is required by law. The act of 1860, *sec.* 18, *p.* 21, which was the law in force at the time this listing was made, makes it the duty of the assessor "to ascertain the number of each description of the several articles of personal property" enumerated in *section* 7, of said act. Here no such listing or returns were ever made, but the wheat in question was returned as "household goods." When such extensive power is entrusted to an officer for his summary execution, it must be strictly followed. *Blackwell on Tax Titles, p.* 39. *Adams vs. Litchfield,* 10 *Conn.* 127.

II.—The assessment was made and returned on "household goods." And the court that tried the case expressly find as a matter of fact that the defendant did not have any "household stuff," or goods, as we suppose the word to mean in Blue Earth county. And the court further find

vol. 15—27

that defendant was during said year a resident of St. Paul, and that he paid a personal property tax for that year in Ramsey county.

JUDSON JONES, for Respondent.

Upon agreed facts, plaintiff is entitled to recover, because the tax in question was properly assessed.

I rely on *General Statutes, page* 153, *Section* 1, *and Sections* 4 *and* 11. 23 *N. Y. Reports, page* 524, *Hoyt vs. Commissioners of Taxes ;* 15*th Ohio Reports,* 652.

*By the Court*—BERRY, J.—This case comes here upon appeal from a rule (in the nature of a judgment) entered in favor of the respondent, in the district court for Blue Earth county, in a proceeding under *sec.* 93, *ch.* 11, *Gen. Stat.,* to collect a tax assessed upon personal property in 1866.

The case was tried by the court below without a jury. The evidence is not reported, and by the stipulation of counsel appended to the record, it is agreed that the case shall be tried in this court, upon "the pleadings in said action, the finding of the court, and the judgment rendered thereon, and that said findings are in accordance with the evidence."

The property upon which the tax in question was attempted to be assessed, was "a large quantity of wheat;" and among other things the court finds, "that the defendant refused or neglected to list said wheat for taxation in Mankato, where the same then was, for the year 1866, and that the assessor of said town listed the same under the head of "household goods," &c., and valued the same at $24,000, * * and that defendant has never owned any household stuff in said county" of Blue Earth. The provisions of statute, under which the listing and assessment were made in this case, plainly contemplate that the assessor shall not only

make a valuation in dollars and cents of the personal property subject to taxation, but that he shall *list* the same, that is to say, describe it, so as to show more or less definitely, according to its character, *to what property* the valuation relates. *Laws* 1860, *ch.* 1, § § 18, 19, 20, 21. The listing and assessment, found to have been made in this case, contain no description whatever of the wheat, nor any reference to it even of the most indefinite kind. Certainly the wheat was not household goods, and " &c." as a reference to or description of any particular property means nothing. The listing in this case then was not a listing of the wheat, or in other words the wheat was not listed at all. And as the list is the foundation of the tax, and the wheat the only property claimed to have been subject to taxation, or upon which the tax is claimed to have been assessed, the tax must fall. It was suggested by the respondent's counsel in the argument, that the words " household goods, &c.," in the finding of the court, were used by way of abbreviation, and signified more than they expressed. Whether this be so or not, the stipulation is too explicit to permit us to inquire. We are compelled to take the finding as it is.

Our conclusion upon the question of the listing and assessment, which presents itself upon the threshold of the case, prevents us from reaching any of the other matters discussed by counsel.

The rule is reversed.